UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**LORRIE GOULET, on her own behalf**
**And all similarly situated individuals,**

    **Plaintiff,**

Case No. 2:10-cv-215-FtM-36SPC

v.

**MEDERI CARETENDERS VS OF SW FL, LLC,**
**a Florida Limited Liability Company,**

    **Defendant.**

_____/

## DEFENDANT'S ANSWER AND DEFENSES
## TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, MEDERI CARETENDERS VS OF SW FL, LLC, by and through its undersigned counsel, hereby answers Plaintiff's Complaint and Demand for Jury Trial (the "Complaint"). The numbered paragraphs below correspond to those of the Complaint.

## JURISDICTION

1. Admits that this Court has jurisdiction over the subject matter of the instant action; further admits that this action purports to be an action for unpaid back wages, liquidated damages, declaratory relief and "reasonable" attorneys' fees and costs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.;* specifically denies that Plaintiff is entitled to the relief she seeks; and otherwise denies each and every allegation contained in paragraph 1 of the Complaint.

2. Admits that this Court has jurisdiction over the subject matter of the instant action, and otherwise denies each and every allegation contained in paragraph 2 of the Complaint.

## PARTIES

3. Upon information and belief, admits the allegations contained in paragraph 3 of the Complaint.

4. Admits that Defendant is a Florida limited liability company; further admits that Defendant was, and continues to be, engaged in business in the State of Florida; further admits that Defendant has offices in, among other places, Collier County, and otherwise denies each and every allegation contained in paragraph 4 of the Complaint.

5. Paragraph 5 calls for a legal conclusion to which no response is required. To the extent that an answer is required, the allegations set forth in paragraph 5 are denied.

6. Paragraph 6 calls for a legal conclusion to which no response is required. To the extent that an answer is required, Defendant admits that it employed Plaintiff at times material hereto; otherwise, the allegations set forth in paragraph 6 are denied.

7. Paragraph 7 calls for a legal conclusion to which no response is required. To the extent that an answer is required, Defendant admits that it employed Plaintiff at times material hereto; otherwise, the allegations set forth in paragraph 7 are denied.

8. Paragraph 8 calls for a legal conclusion to which no response is required. To the extent that an answer is required, Defendant admits that it employed Plaintiff at times material hereto; otherwise, the allegations set forth in paragraph 8 are denied.

9. Paragraph 9 calls for a legal conclusion to which no response is required. To the extent that an answer is required, the allegations set forth in paragraph 9 are denied.

10. Paragraph 10 calls for a legal conclusion to which no response is required. To the extent that an answer is required, the allegations set forth in paragraph 10 are denied.

11. Admits the allegations contained in paragraph 11 of the Complaint.

12. Paragraph 12 calls for a legal conclusion to which no response is required. To the extent that an answer is required, the allegations set forth in paragraph 12 are denied.

13. Paragraph 13 calls for a legal conclusion to which no response is required. To the extent that an answer is required, the allegations set forth in paragraph 13 are denied.

14. Paragraph 14 calls for a legal conclusion to which no response is required. To the extent that an answer is required, the allegations set forth in paragraph 14 are denied.

15. Admits that this action purports to seek inclusion of employees in a number of different positions, denies that inclusion of said employees and positions is proper, and otherwise denies each and every allegation contained in paragraph 15 of the Complaint.

16. Admits that Plaintiff performed work on behalf Defendant while employed by it, and otherwise denies each and every allegation contained in paragraph 16 of the Complaint.

## STATEMENT OF FACTS

17. Admits the allegations in paragraph 17 of the Complaint.

18. Admits the allegations in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

21. Admits that Exhibit "A" to the Complaint purports to be a letter from Plaintiff's counsel to Defendant; refers the Court to Exhibit "A' for its contents; admits that to date it has not provided any pay or time records to Plaintiff's counsel; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies each and every allegation contained in paragraph 22 of the Complaint (including, without limitation, those allegations contained in subparagraphs a., b. and c. thereto).

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

24. For its response to paragraph 24 of the Complaint, Defendant repeats and realleges paragraphs 1 through 23, above, as though set forth fully and at length herein.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Admits that Plaintiff was entitled to statutory overtime for hours worked in excess of forty (40) in a work week; specifically denies that Defendant failed to pay Plaintiff statutory overtime; and otherwise denies each and every allegation contained in paragraph 26 of the Complaint

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

31. Denies each and every allegation contained in paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint. Defendant specifically denies that there are any individuals "similarly situated" to Plaintiff.

33. Denies each and every allegation contained in paragraph 33 of the Complaint. Defendant specifically denies that there are any individuals "similarly situated" to Plaintiff. Defendant further denies that either Plaintiff or anyone she claims to represent is entitled to any relief sought in the prayer for relief accompanying Count I.

34. Admits that Plaintiff purports to demand a trial by jury on all issues so triable as a matter of right.

35. Denies each and every allegation set forth in the Complaint not specifically admitted above.

## DEFENSES

Without conceding that it bears the burden of proof as to any issue, Defendant asserts the following defenses to Plaintiff's Complaint:

### First Defense: Failure to State a Cause of Action

The Complaint fails to state facts sufficient to state a claim upon which relief may be granted.

### Second Defense: Good Faith

Any act or omission by Defendant with respect to the matters at issue herein were in good faith and in compliance with all applicable statutes and regulations, and Defendant had reasonable grounds to believe that its acts or omissions did not violate the FLSA.

### Third Defense: Pre- and Postliminary Work/Time On-Call

Plaintiff is only entitled to compensation for the time actually spent working; preliminary and post-liminary activities, and time on-call, are not compensable under the FLSA.

### Fourth Defense: Statute of Limitations

To the extent that Plaintiff seeks relief for herself or others regarding claims that purportedly arose more than two years prior to the commencement of the instant action, said claims are barred by the statute of limitations.

### Fifth Defense: Waiver and Estoppel

Plaintiff is estopped from bringing a cause of action under the FLSA or from receiving time and one-half for any hours worked in excess of forty to the extent that she, among other things, accepted the denominated rate of pay and/or failed to comply with the prevailing terms, conditions, policies, and procedures governing her employment.

### Sixth Defense: Unclean Hands

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

### Seventh Defense: *De Minimis* Rule

Without admitting that any violations of the FLSA have occurred, the *de minimis* rule applies to any such violations.

### Reservation of Rights

Defendant reserves the right to assert any and all additional defenses as may be determined necessary during the course of discovery and to seek attorney's fees and costs under any applicable statute.

**WHEREFORE,** Defendant respectfully requests that this Court enter an Order: (a) granting judgment in its favor and against Plaintiff on all claims; (b) awarding Defendant its costs incurred in connection with the defense of this matter; and (c) granting such other and further relief as the Court deems just and proper.

Dated this 18th day of May, 2010.

Respectfully submitted,

s/ Patrick M. Muldowney
Patrick M. Muldowney
Florida Bar No. 0978396
E-mail: pmuldowney@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue
SunTrust Center, Suite 2300
P.O. Box 112
Orlando, FL 32802-0112
Telephone: (407) 649-4000
Facsimile: (407) 841-0168

**COUNSEL FOR DEFENDANT**

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 18, 2010 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Andrew Frisch, Esquire
Morgan & Morgan, P.A.
684 Griffin Road
Davie, Florida 33314

s/ Patrick M. Muldowney
Patrick M. Muldowney

502862083