UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

LORRIE GOULET, on her own behalf
And all similarly situated individuals,

      Plaintiff,

Case No. 2:10-cv-215-FtM-36SPC

v.

MEDERI CARETENDERS VS OF SW FL, LLC,
a Florida Limited Liability Company,

      Defendant.
_____/

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENA, OR, IN THE ATLERNATIVE, MOTION FOR PROTECTIVE ORDER

Defendant, MEDERI CARETENDERS VS OF SW FL, LLC ("Mederi"), files this Memorandum of Law in opposition to Plaintiff's Motion to Quash Subpoena, or, in the Alternative, Motion for Protective Order (Docket No. 30) (the "Motion").

## PROCEDURAL BACKGROUND

Plaintiff, Lorrie Goulet ("Goulet"), claims in the instant action that she was not paid for all overtime worked while employed by Mederi, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* Specifically, she claims that the eight hours she was on call during weekends should have been counted as hours worked and, thus she was not paid time and one-half for eight hours with respect to those weeks in which she worked a full week in addition to being on call. Mederi denies that it is liable to Goulet for overtime compensation and, instead, avers that it properly paid Goulet for all hours worked.

In connection with Goulet's claims, Mederi has issued a subpoena to Goulet's current employer, Southwest Florida Home Care, Inc. ("SFHCI"), for the production of Goulet's personnel file and other employment-related documents. On February 1, Mederi faxed and mailed to opposing counsel a copy of the subpoena and a Notice of Production from Non-Party to opposing counsel, true and correct copies of which are attached hereto as Exhibit "A."[1] Two days later, on February 3, 2011, Mederi sent a copy of the subpoena to SFHCI via UPS overnight delivery, a true and correct copy of which is attached as Exhibit "C." In light of Goulet's objection to the subpoena, SFHCI was served through delivery by a process server on Thursday, February 10, 2011. A true and correct copy of the process server's Affidavit of Service is attached hereto as Exhibit "D.

As set forth in more detail below, Goulet has failed to show that the requested production is unduly burdensome to SFHCI (assuming she even has standing to raise that issue), unduly harassing to her, or violates her privacy rights. Moreover, Mederi's request for information is reasonable – in particular, to determine whether Goulet has made any statements concerning her employment by Mederi that might constitute an admission regarding her claims and/or impeachment. As a result, Goulet's Motion should be denied. Alternatively, this Court at the very least should allow Mederi to discover any documents regarding Goulet in SFHCI's possession, custody or control that reference or relate to her employment by Mederi.

---

[1] Upon review of the Notice of Production in connection with the instant Motion, the undersigned has discovered an error regarding opposing counsel's mailing address. While the fax number utilized for service is correct, and a true and correct copy of the confirmation of successful transmission to opposing counsel on February 1 is attached hereto as Exhibit "B", the undersigned apologizes to the Court and opposing counsel for any confusion resulting from the error in counsel's mailing address.

2

# ARGUMENT

**THIS COURT SHOULD DENY GOULET'S MOTION BECAUSE THE INFORMATION SOUGHT IS RELEVANT AND GOULET HAS FAILED TO PUT FORWARD ANY EVIDENCE THAT MEDERI'S REQUEST IS BURDENSOME, OVERLY BROAD, HARASSING OR VIOLATIVE OF GOULET'S RIGHT TO PRIVACY.**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may discover any non-privileged information relevant to the claim or defense of any party. Benavides v. Velocity IQ, Inc., 2006 WL 680656 at *2 (M.D. Fla. Mar. 15, 2006) (Scriven, J.). Said information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). It is generally well-settled that the party opposing discovery has the burden of showing the discovery is not relevant and/or that it is "improper, unreasonable or burdensome." See Panola Land Buyers Association v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (reversing trial court's issuance of protective order); Benavides, 2006 WL 680656 at *2 (granting motion to compel production of subsequent employer's personnel files concerning plaintiffs). To meet this burden, the party opposing the discovery may not rely upon "simply conclusory assertions about the difficulty of complying with a discovery request"; rather, the opposing party must make "a particular and specific demonstration of fact" as to how the requested discovery is burdensome, overly broad or oppressive "by submitting detailed affidavits or other evidence establishing undue burden." Wagner v. Viacost.com, Case No. 06-81113-CIV-RYSKAMP/VITUNAC, slip op. at 2-3 (S.D. Fla. Jun. 29, 2007) (attached to Goulet's Motion as Exhibit "C"). In the absence of showing that the information sought can have no possible bearing on the issues of the case, a court should enforce a Rule 45 subpoena. Benavides, 2006 WL 680656 at *2 (citations omitted).

Benavides is particularly instructive in the instant matter. In that case, the defendant in an FLSA case sought to compel production of, *inter alia*, the plaintiffs' personnel files with their subsequent employer. In seeking said files, the defendant argued that the plaintiffs' resumes, job applications and other documents contained in their personnel files would likely contain admissions regarding the plaintiffs' job duties, responsibilities and/or hours worked for the defendant. 2006 WL 680656 at *2. The defendant also asserted that the subpoenaed documents might also be relevant for purposes of impeachment or as evidence of prior inconsistent statements of admission. Id. at *3. Upon considering the defendants' arguments, the court ordered that the subsequent employer produce all payroll and earnings records, employment applications and resumes of the plaintiffs within its current employ, as well as any employment files regarding the plaintiffs to the extent that they contained the kind of relevant material identified by the defendant. Id.

In the instant Motion, Goulet seeks to prevent discovery by making conclusory allegations that Mederi's request is unduly burdensome, overly broad, harassing and violative of her privacy rights. She, however, offers no affidavit or other evidence supporting those claims, and Mederi disputes each such claim. Indeed, to the extent that Goulet is claiming that the request is unduly burdensome, she claims it is so for SFHCI, not her. Yet, she does not present any evidence from SFHCI as to how that non-party is burdened in any way by the request. As a result, Goulet has failed to satisfy her burden with respect to these grounds for limiting discovery.

As for her claims that the documents sought are not relevant to the instant action, Mederi submits that much like the defendant in Benavides, it has a right to inspect the records sought to determine whether they contain references by Goulet to her employment by Mederi – including,

without limitation, any statements regarding the number of hours she worked, the nature of her work, how she was paid or other aspects of her work on behalf of Mederi. Said information goes to both the *bona fides* of Goulet's claims and (to the extent of that her testimony may be contrary to what she may have represented to her current employer) her credibility. See Fed. R. Evid. 613 (prior statements of witness admissible for impeachment); Fed. R. Evid. 801(d)(2) (concerning admissibility of party's prior statements); Benavides, 2006 WL 680656 at *2-3 (granting motion to compel production of personnel files); Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 610 (C.D. Cal. 1995) (granting motion to compel certain documents contained in personnel files of individual defendants; documents related to their credibility and consequently were within the scope of Rule 26). As such, the information sought is clearly relevant and discoverable.

Mederi recognizes that Benavides dealt with whether the plaintiffs were exempt from the overtime requirements of the FLSA, whereas in the instant matter, the issue is whether Goulet – who admittedly was a non-exempt employee – was paid all overtime to which she was due. Nevertheless, to the extent that the instant matter concerns issues regarding how many hours per week Goulet actually worked, as well as what the nature of her on-call arrangement was with Mederi, the bases for allowing production of the employment records asserted in Benavides are the same as herein. Thus, discovery should be permitted, and Goulet's Motion should be denied.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Goulet's Motion and allow Mederi to proceed with discovery that is both relevant to and probative of the issues in this litigation.

Respectfully submitted,

s/ Patrick M. Muldowney
Patrick M. Muldowney
Florida Bar No. 0978396
E-mail: pmuldowney@bakerlaw.com
**BAKER & HOSTETLER LLP**
P.O. Box 112
Orlando, FL 32802-0112
Telephone: (407) 649-4000
Facsimile: (407) 841-0168

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 11, 2011 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Andrew Frisch, Esquire
Morgan & Morgan, P.A.
6824 Griffin Road
Davie, Florida 33314

s/ Patrick M. Muldowney
Patrick M. Muldowney

503245423