UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORRIE GOULET, on her own behalf and all
similarly situated individuals,

                Plaintiff,

-vs-                                              Case No.  2:10-cv-215-FtM-36SPC

MEDERI CARETENDERS VS of SW FL, LLC., a
Florida Limited Liability Company,

                Defendant.
_____

## ORDER

      This matter comes before the Court on the Plaintiff Lorrie Goulet's Motion to Quash Subpoena to Non-Party, or, in the Alternative, Motion for Protective Order (Doc. # 30) filed on February 4, 2011. The Defendant filed its response in opposition (Doc. # 35) on February 11, 2011. Pursuant to Fed. R. Civ. P. 45(c) the Plaintiff moves the Court to quash the subpoena served upon her current employer by the Defendant Mederi Caretenders of SW FL.

      Pursuant to the Federal Rules, a subpoena shall be quashed and/or modified if it: fails to allow reasonable time for compliance; requires a nonparty to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person; requires the disclosure of privileged or other protected matter; or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). A subpoena may be quashed if it calls for the production of clearly irrelevant matters. Bailey Industries, Inc. v. CLJP, Inc., 270 F.R.D. 662, 667 (N.D. Fla. 2010).

      The Defendant served the Plaintiff's current employer with a subpoena to produce the Plaintiff's current employment records. The Plaintiff argues that the materials are irrelevant because

the case concerns only the alleged failure of the Defendant to pay the Plaintiff for all of her overtime hours worked in violation of the Fair Labor Standards Act (FLSA). The Plaintiff reasons that, any records the Plaintiff's current employer may potentially have relating to Plaintiff's employment after Plaintiff's employment with Defendant ended in February, 2010, are irrelevant to whether Plaintiff worked in excess of forty (40) hours per week during the course of the Plaintiff's employment with Defendant between March 2005 through February 16, 2010.

The Defendant responds the information is relevant in that the Plaintiff's resume, job application and other documents contained in the new employer's personal files will likely contain party admissions regrading the Plaintiff's job duties, responsibilities, and/or hours worked while she was employed at Mederi Caretakers. The Defendant argues that these are the very issues being litigated in this case. The Defendant also argues that the records could be used for impeachment or as substantive evidence as prior inconsistent statements of admission.

The issue here is whether or not the Defendant violated the FLSA by failing to pay the Plaintiff overtime wages while she was employed by the Defendant. However, the Defendant's arguments are persuasive. The Plaintiff's new employment records are relevant to the issues in this case because they likely contain the Plaintiff's statements regarding her past job duties, responsibilities, and/or hours worked and rate of pay while she was employed at Mederi Caretakers. See Benavides v. Velocitu IQ, Inc., 2006 WL 680656 * 2 (M.D. Fla. March 15, 2006) (holding that the plaintiff's payroll and earnings records, employment application, and resumes were discoverable in an FLSA action). As such, the Motion to Quash is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff Lorrie Goulet's Motion to Quash Subpoena to Non-Party, or, in the Alternative, Motion for Protective Order (Doc. # 30) is **DENIED.** However, the production under the subpoena is limited to the Plaintiff's employment application, resume, and any representations made by the Plaintiff regarding her pay and job responsibilities while employed with the Defendant.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of February, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record